# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DAMON TIMOTHY RASHAAD LARRY,**

      Plaintiff,

v.                                          Case No. 8:22-cv-1259-KKM-AAS

**MARK OBER, et al.,**

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Damon Timothy Rashaad Larry, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 2). It is **RECOMMENDED** that Mr. Larry's motion be **DENIED**, and this action be dismissed without prejudice.

**I.  BACKGROUND**

Mr. Larry requested to proceed *in forma pauperis* and filed a complaint. (Doc. 1). Based on deficiencies in Mr. Larry's complaint, the undersigned took Mr. Larry's motion under advisement and directed Mr. Larry to amend his complaint to state a viable cause of action to proceed *in forma pauperis*. (Doc. 3). Mr. Larry filed an amended complaint, and a second amended complaint. (Docs. 5, 14).

## II.  STANDARD

A plaintiff may commence a civil action *in forma pauperis*—without payment of court filing fees when that plaintiff declares in an affidavit to the court, she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court, however, must dismiss sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e) (2)(B).

Regarding failing to state a claim on which relief may be granted, the language of section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A properly stated claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (citation omitted). Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But a court is under no duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## III. DISCUSSION

Mr. Larry's second amended complaint attempts to raise claims under 42 U.S.C. § 1983 by alleging that his Fourteenth Amendment rights have been violated by Mark Ober, former State Attorney,[1] Michael Merrill, County Administer, and Lisa Montelione, City Council Member. (Doc. 14, pp. 2-3). Mr. Larry's second amended complaint fails to state a viable claim.

In its entirety of Mr. Larry's alleges:

> In 2012 Plaintiff's mother Kimberly Nicole Larry filed an injunction with children (12-DR-00804) against Damon Damu Larry Sr (deceased) in which this injunction was granted by Judge Scott Farr. In 2016 Plaintiff filed an injunction with(out) children (16-DR-012090) against Damon Damu Larry Sr (deceased) in which this injunction was denied by Judge Walter Heinrich. In 2018 Plaintiff was charged and convicted for manslaughter of Damon Damu Larry Sr (16-CRF-016146-A) after a request via state attorney's office and Tampa Police Department to dismiss/drop charge, Judge violated the Fourteenth Amendment, Plaintiff was denied equal protection of the laws, this resulted in retaliation thereof.

(Doc. 14, p. 4). Mr. Larry requests "$3,600,000 in punitive damages" for "scarring during the physical altercation in which led to the death of Damon Damu Larry Sr." (*Id.* at p. 5).

Federal law permits a United States District Court to dismiss a case filed

---

[1] State prosecutors are immune from suit. *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984).

*in forma pauperis*, if it is satisfied that the action is frivolous or malicious. The Supreme Court has recognized two types of cases which may be dismissed, sua sponte, under 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319 (1989). The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless." *Id*. This case lacks an arguable basis in law. *Sultenfuss v. Snow*, 894 F.2d 1277 (11th Cir. 1990). Mr. Larry's allegations in the second amended complaint are incomprehensible and fit both classes of cases that may be dismissed sua sponte. *See Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) (finding that the magistrate judge did not abuse his discretion in denying the plaintiff leave to amend his complaint because such an amendment would be futile).

## IV. CONCLUSION

To proceed *in forma pauperis*, Mr. Larry's second amended complaint must state a viable cause of action. Mr. Larry's second amended complaint fails to state a viable cause of action. Thus, it is **RECOMMENDED** that Mr. Larry's motion for leave to proceed in forma pauperis (Doc. 2) be **DENIED**, and Mr. Larry's second amended complaint (Doc. 14) be **DISMISSED**.[2]

---

[2] Mr. Larry may pay the filing fee and conduct proper service of process if he wishes to proceed under his amended complaint.

4

**ENTERED** in Tampa, Florida on July 13, 2022.

*[Signature]*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The plaintiffs have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Damon Timothy Rashaad Larry
2608 E. 18th Avenue
Tampa, FL 33605

5